CAPUTO, APPELLANT, *v.* KELLER, ADMR., BUREAU OF WORKMEN'S
COMPENSATION, ET AL., APPELLEES.

(No. 1658—Decided June 16, 1965.)

*Messrs. Nelson, Williams & Cooper,* for appellant.

*Mr. William B. Saxbe,* attorney general, and *Mr. John A.
Sentz, Jr.,* for appellees Elmer A. Keller, Administrator, and
the Bureau of Workmen's Compensation.

*Messrs. Stith, Daley & Butler,* for appellee Sterling
Foundry Company.

HUNSICKER, J. This is an appeal from a judgment sustaining a demurrer, which demurrer in effect claimed that the petition did not state a cause of action.

Complaint is made first that there is no final order entered by the Court of Common Pleas and hence this court has no jurisdiction to review the judgment. The journal entry sustaining the demurrer merely states that the demurrer is sustained; gives no time for amendment; and does not dismiss the petition. Ordinarily, a failure to dismiss the petition upon the sustaining of a demurrer does not constitute a final order. (*Betz* v. *Industrial Commission,* 139 Ohio St. 624.) Our examination of the petition convinces us that an amendment to the petition could not set out any additional facts relating to the

claim of the plaintiff, Thomas Caputo, appellant herein, and hence to grant leave to amend would be of no avail. The sustaining of the demurrer affected a substantial right and, in effect, terminated the action. In such a situation, the rule pronounced in the case of *Schindler* v. *Standard Oil Co.*, 165 Ohio St. 76, will apply. Under the circumstances herein, the order entered is a final order of the Court of Common Pleas.

We must now consider whether the petition states a cause of action for relief under the Workmen's Compensation Act.

The petition alleges that on or about July 27, 1953, Caputo suffered an injury to his left eye while working for defendant Sterling Foundry Company, an appellee herein. He filed a claim for compensation with the Industrial Commission, and his claim was recognized by the Bureau of Workmen's Compensation. He has sustained a loss of vision in the eye in excess of twenty-five percent. From time to time, hearings were had on his case. On September 17, 1963, a motion by Caputo for a special eye examination was denied "as there is no proof to support the requests made." The administrator's decision was affirmed by the Board of Review after "fully considering the evidence." On July 7, 1964, the Industrial Commission of Ohio made the following decision:

"It is ordered that the appeal filed April 28, 1964, by the claimant from the order made April 22, 1964 by the Cleveland Regional Board of Review be refused and that copies of this order be mailed this day to all interested parties."

Caputo says that the order of the Industrial Commission of Ohio, and the order of the Cleveland Regional Board of Review, were final orders denying him the right to participate under the Workmen's Compensation Act, on the grounds that his loss of vision was not related to the injuries sustained by him in his accident of July 27, 1953.

The application which resulted in the order of September 17, 1963, was filed within the ten-year period set out in Section 4123.52, Revised Code.

The statute which Caputo claims entitled him to appeal the action of the commission taken on July 7, 1964, is Section 4123.-519, Revised Code. This section has been construed to authorize a Common Pleas Court to enter a judgment against the commission granting to a claimant the right to participate in the work-

men's compensation fund. The extent of participation in that fund is exclusively within the commission.

The Supreme Court of Ohio, in the second paragraph of the syllabus in the case of *Brecount* v. *Procter & Gamble Co.*, 166 Ohio St. 477, said:

"In the event plaintiff's right to participate is established in such case, the Industrial Commission has exclusive jurisdiction to determine, under the Workmen's Compensation Act, the extent of such participation. * * *"

See also: *State, ex rel. Kauffman,* v. *Industrial Commission,* 121 Ohio St 472.

Section 4123.519, Revised Code, in part, says:

"The claimant or the employer may appeal a decision of the Industrial Commission in any injury case, other than a decision as to the extent of disability, to the Court of Common Pleas of the county in which the injury was inflicted or in which the contract of employment was made if the injury occurred outside the state. Like appeal may be taken from a decision of a regional board from which the commission has refused to permit an appeal to the commission provided that the claimant may take an appeal from a decision of the administrator on application for reconsideration or from a decision of a regional board. * * *."

According to the petition, Caputo was awarded compensation for the eye injury suffered by him on July 27, 1953. The application which was filed within the ten-year period is not set out in the petition; however, the refusal to grant the application is stated to be because there was no proof to support the application.

In the case of *State, ex rel. Depalo,* v. *Industrial Commission,* 128 Ohio St. 410, a discussion is had concerning the right of a claimant to appeal a decision of the commission. In that case, emphasis is placed on the wording of a statute now repealed. There is a lengthy discussion as to the nature of an appealable order, and on pages 416 and 417, a review of jurisdictional situations is set out.

In the instant case, if we look at the order of the regional Board of Review in the light of the administrator's decision, we find the claim made that the application was denied for lack of proof, not that an award was made and hence should not be

changed. This was not a denial of the claim because a decision had been made as to the extent of disability, but, in effect, was a determination as to the right to participate further in the fund. The decision of the commission was that the appeal be refused. Such refusal was based upon the action of the regional Board of Review, which board said it acted after fully considering the evidence.

See: *State, ex rel. Federated Department Stores, Inc.,* v. *Brown,* 165 Ohio St. 521; *Carpenter* v. *Scanlon, Admr.,* 168 Ohio St. 139; *Butler* v. *Pittsburgh Plate Glass Co.,* 171 Ohio St. 19.

We consider this action of the commission and the Board of Review to come within the purview of Section 4123.519, Revised Code, as a denial of a right to continue to participate in the fund, and hence an appealable order. Whether at a hearing on his petition, the plaintiff can maintain his action, is not a matter upon which to speculate.

We believe a good cause of action is stated in the petition, and that the demurrer should have been overruled.

For the reasons above stated, the judgment is reversed and the cause remanded to the Court of Common Pleas for further proceedings.

*Judgment reversed and cause remanded.*

DOYLE, P. J., and BRENNEMAN, J., concur.